Report Date: April 24, 2017

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2017

SEAN F. McAVOY, CLERK

CORRECTED Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jason Michael Stalkfleet              Case Number: 0980 2:08CR06075-001

Address of Offender: ███████████

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 16, 2009

Original Offense:      Cts. 1-3: Distribution of a Controlled Substance- Heroin, 21 U.S.C. § 841(a)

| | | | |
|---|---|---|---|
| Original Sentence: | Prison 96 months; TSR - 72 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: | October 9, 2015 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: | October 8, 2021 |

### PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 04/12/2017 and 04/19/2017.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 11 | **Mandatory Condition** : The defendant shall not illegally possess a controlled substance. |

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by possessing a controlled substance, heroin, on or prior to April 21, 2017.

On October 13, 2015, the defendant's conditions of supervised release were reviewed with him and he signed indicating he understood he was not to illegally possess controlled substances.

On April 21, 2017, contact was made with the defendant at his residence in Richland, Washington, in an attempt to serve a bench warrant issued by the Court on April 20, 2017. During the contact a small amount of suspected marijuana was located in plain view on top of a dresser in the defendant's bedroom where he had been initially contacted. Also in plain view on a night stand next to the bed and dresser was a small foil which had been rolled up as a smoking device. The foil had burnt residue which looked and smelt like marijuana.  The defendant's wife was asked about the items and possible other drug related items in the home. The defendant's wife stated there was a "kit" in the garage which contained some of

their heroin paraphernalia. She directed us to an area of the attached garage and produced a silver and black metal case. This case contained multiple syringes, a spoon with a burn spot on it, and a plastic bag with a grey and pink pasty substance which was suspected of being heroin. The defendant's wife stated she and the defendant both used the area to use heroin.

Due to the items which had been located in the defendant's bedroom and the items produced by the defendant's wife in the garage, a request to search the garage area was made. Special Condition #17 contained within the defendant's judgment dated September 16, 2009, allows for the defendant's person, residence, office, or vehicle to be searched by a U.S. Probation Officer based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Permission was obtained for the garage area to be searched.

A second request was made to search the defendant's bedroom based upon the suspected marijuana and smoking device. After receiving approval, a search was conducted and a small black bag was located on a night stand next to the bed. Inside the bag were several syringes, a spoon with a burn spot, three rings, and a small plastic bag with a small black tar like substance suspected of being heroin.

Both substances suspected of being heroin were taken to the Washington State Crime Lab in Kennewick, Washington, for confirmation.

12 **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by illegally possessing Gabipentin, M. Amphet Salts, Clonazepam, Diazepam, Dextroamp-amphetamine, and Phenobarbital on or prior to April 21, 2017

As noted above, a search was approved and executed on the defendant's bedroom. During the search a small black case with the inscription Echo on it was located under the defendant's bed. Inside the case was a plastic container which contained multiple pills of each medication noted above. The pills were identified by their individual number and color.

13 **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by illegally possessing Naloxone and Clonazepam on or prior to April 21, 2017.

After being taken into custody, the defendant was searched by the deputy marshals. The defendant was found to have a small black metal container in his front left pocket. Inside the container were two orange pills and a half of a green pill. Each pill was identified by its individual marked number and color.

| | |
|---|---|
| 14 | **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. |

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by possessing drug paraphernalia on or prior to April 21, 2017.

As noted above, a search was conducted on the defendant's bedroom and attached garage. During the course of the search multiple syringes which had been used were located with, and next to, suspected heroin. In the garage on a table was a cardboard cylinder which had multiple used syringes inside. The defendant's wife noted they placed the syringes inside the cardboard cylinder as a protective measure. Also on the table was one used syringe. Inside the defendant's bedroom in the top drawer of the dresser were two used syringes.

Inside the small black case located on the dresser in the defendant's bedroom was a spoon which had burn marks.

Inside the black and silver metal case located in the garage area was multiple syringes, a burnt spoon, a 4-inch metal tube, and several nails which had residue on them. Commonly the nails are used to push out the residue from the metal pipe which has been used to ingest substances. The residue was the same color and texture as the suspected heroin.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 04/24/2017

s/David L. McCary

David L. McCary
U.S. Probation Officer

Prob12C
**Re: Stalkfleet, Jason Michael**
**April 24, 2017**
**Page 4**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

_____
Signature of Judicial Officer

April 24, 2017
_____
Date