Report Date:  April 12, 2017

# United States District Court

**for the**

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Apr 17, 2017

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jason M Stalkfleet               Case Number: 0980 2:08CR06075-001

Address of Offender:                 Richland, Washington 99352

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 16, 2009

Original Offense:        Cts. 1-3: Distribution of a Controlled Substance- Heroin, 21 U.S.C. § 841(a)

Original Sentence:       Prison - 96 months;          Type of Supervision: Supervised Release
                         TSR - 72 months

Asst. U.S. Attorney:     Thomas J. Hanlon             Date Supervision Commenced: October 9, 2015

Defense Attorney:        Alex B. Hernandez, III       Date Supervision Expires: October 8, 2021

---

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 19:** Defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervision probation officer, but no more than six test per moth, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by failing to report for random urinalysis testing on January 25, 2017.

On October 13, 2015, the defendant signed his treatment services contract which directed him to phone in daily for random drug testing. It further indicated he was to report for testing when the color brown was noted.

On January 25, 2017, the color brown was noted but the defendant failed to report. On January 26, 2017, the defendant reported to the Richland probation office and admitted he had skipped the random test. The defendant stated he knew he had used a controlled substance and decided to just report to this officer the next day to discuss the situation.

2    **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by using a controlled substance, hydrocodone, on or prior to January 23, 2017.

As noted above, the defendant reported to the probation office on January 26, 2017, and admitted he had used hydrocodone. The defendant signed an admission report noting he had last used hydrocodone on January 23, 2017. Furthermore, he admitted he was obtaining the hydrocodone pills from clients at his tattoo shop. The defendant admitted he would talk about back issues he was having and would manipulate individuals, whom he had befriended, into giving him some of their hydrocodone pills. The defendant did not have a prescription of his own at the time.

3    **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by using a controlled substance, cocaine, on or prior to March 14, 2017.

On March 14, 2017, the defendant's color was called for random drug testing. The defendant reported to First Step Community Counseling,  admitted he had used cocaine, and signed an admission form. The defendant admitted he had last used cocaine on March 13, 2017.

4    **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by using a controlled substance, heroin, on or prior to March 15, 2017.

On March 15, 2017, the defendant reported to the probation office in Richland for a scheduled appointment. The defendant admitted he had used heroin and signed an admission form stating his last use was on March 14, 2017.

5    **Standard Condition # 7**: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by using a controlled substance, heroin, on or prior to March 20, 2017.

On March 20, 2017, the defendant reported to the probation office in Richland for a scheduled appointment. The defendant admitted he had used heroin and signed an admission form stating his last use was on March 18, 2017.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     April 12, 2017
_____

s/David L. McCary
_____

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[  ]     No Action
[  ]     The Issuance of a Warrant
[ X ]     The Issuance of a Summons
[  ]     Other

_____
Signature of Judicial Officer

April 17, 2017
_____

Date