PROB 12C
(6/16)

Report Date: April 20, 2017

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4/20/17

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jason Michael Stalkfleet             Case Number: 0980 2:08CR06075-EFS-1

Address of Offender:                Richland, Washington 99352

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: September 16, 2009

Original Offense:        Distribution of a Controlled Substance- Heroin, 21 U.S.C. § 841(a)

Original Sentence:       Prison - 96 months; TSR - 72 months             Type of Supervision: Supervised Release

Asst. U.S. Attorney:     Thomas J. Hanlon              Date Supervision Commenced: October 9, 2015

Defense Attorney:        Alex B. Hernandez, III        Date Supervision Expires: October 8, 2021

## PETITIONING THE COURT

To issue a bench warrant and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 04/12/2017.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number     Nature of Noncompliance

6                    **Special Condition # 19**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

                     **Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by failing to provide a random drug tests on April 13, 2017.

                     On October 13, 2015, the defendant signed his treatment services contract which directed him to phone in daily for random drug testing. It further indicated he was to report for testing when the color brown was called. The defendant was advised samples could be collected between 7 a.m. and 7 p.m.

                     On April 13, 2017, the defendant's color was called. He reported just prior to 7 p.m. and stated he could not provide a sample. The defendant left the facility without providing a sample.

7 **Special Condition # 19**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by failing to provide a random drug tests on April 17, 2017.

As noted in violation 6, the defendant had failed to provide a random drug test on April 13, 2017. The defendant was contacted via phone and directed to report to the probation office on April 17, 2017, to provide a sample for testing.

On April 17, 2017, the defendant reported and indicated he had been ill over the past week and he was very dehydrated. The defendant had been provided with a 72 hour period to be ready for the test. After about 15 minutes of attempting to provide a sample, the defendant stated he could not provide one. The defendant was directed to report back on April 19, 2017, to provide a sample.

8 **Special Condition # 19**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by failing to provide a random drug tests on April 19, 2017.

On April 19, 2017, the defendant reported at 8:30 a.m. to provide a drug test. The defendant stated he woke up early in the morning and used the restroom. An attempt to obtain a urine sample was made but the defendant stated he could not provide one. The defendant was directed to report back at 1 p.m. to provide a sample.

9 **Special Condition # 19**: Defendant shall abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by attempting to falsify a random drug test on April 19, 2017.

As noted in violation 8, the defendant was directed to report back to the probation office at 1 p.m. for drug testing. The defendant was able to supply a small sample for testing but the sample had small particles floating in it. A temperature test revealed the sample was not up to body temperature. With the particles in the sample and the temperature being off, the defendant was advised he needed to raise his shirt to check for a device. The defendant immediately stated, "you already know I tried to falsify the sample." The defendant was asked to remove the device and provide it to this officer. The defendant complied and removed the device from between his legs. The defendant provided a small plastic ball which had tubing attached. The defendant had placed a urine sample in the ball and squeezed the sample through the tubing into the sample cup. The device was confiscated by the undersigned officer.

| 10 | **Special Condition # 19**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
|---|---|

**Supporting Evidence**: The defendant is considered to be in violation of his period of supervised release by using a controlled substance, heroin, on or prior to April 19, 2017.

After the defendant had been located with a device to falsify his drug test, a valid urine sample was obtained. The defendant admitted he had been using heroin and that the sample would return positive for opiates. The initial test was completed and the sample returned presumptive positive for opiates. The sample was sent to Alere Laboratories for confirmation.

The defendant admitted he had been making every effort not to supply a urine sample as he knew it would return positive for his heroin use. His efforts included stating he could not provide urine samples, as noted in violations 6, 7, and 8, and attempting to use a device to provide a false sample.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 20, 2017

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer
April 20, 2017

Date